**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDY ELLIOTT, | ) | |
| | ) | Case No.  1:14-cv-10212 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| PENN CREDIT CORPORATION and | ) | |
| PENN CREDIT CORPORATION II, | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, BRANDY ELLIOTT, by and through her attorneys, and for her

Complaint against the Defendants, PENN CREDIT CORPORATION and PENN CREDIT

CORPORATION II, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for damages for violations of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15

U.S.C. § 1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to pendent

state law claims.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4.      Plaintiff is an individual who was at all relevant times residing in Chicago,

Illinois.

5.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6.     At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

7.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8.     On information and belief, Defendants are both corporations of the State of Pennsylvania, which are licensed to do business in Illinois, and which have their principal places of business in Harrisburg, Pennsylvania.

## FACTS COMMON TO ALL COUNTS

9.     On or about October 14, 16 and 18, 2014, one or both Defendants placed telephone calls to Plaintiff's former residence, where her mother currently lives. Plaintiff's mother did not answer these telephone calls.

10.     On or about October 20, 2014, one or both Defendants placed a telephone call to Plaintiff's former residence, where her mother currently lives. Plaintiff's mother answered said telephone call and was then informed that the call was an attempt to collect a debt allegedly owed by Plaintiff.

11.     Plaintiff has not lived at her mother's residence since 1998.

12.     Defendants' telephone calls to Plaintiff's mother's residence caused Plaintiff to experience significant stress, as she does not want her mother to worry about her or to have her

personal business disclosed to her mother. Plaintiff's mother works over fifty hours per week and is the legal foster mother for two children.

13.     In its attempts to collect the alleged debt as outlined above, Defendants damaged Plaintiff and violated the FDCPA.

14.     As a result of Defendants' actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, embarrassment, emotional distress and mental anguish.

## COUNT I

15.     Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

16.     One of both Defendants violated 15 U.S.C. § 1692b(2) by communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a.   Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(1);

   b.   Judgment against Defendants for $1,000 in statutory damages for any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c.   Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d.   Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

17.     Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

18.     One or both Defendants violated 15 U.S.C. § 1692c(b) by communicating with a person other than Plaintiff in connection with the collection of the alleged debt without a proper purpose.

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(1);

b.     Judgment against Defendants for $1,000 in statutory damages for any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.     Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.     Any other legal and/or equitable relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

RESPECTFULLY SUBMITTED,


BRANDY ELLIOTT


By:     /s/ David B. Levin
        Attorney for Plaintiff


David B. Levin
Illinois Attorney No. 6212141
Upright Litigation LLC
25 E. Washington Street
Suite 400
Chicago, IL 60602
Phone:  (312) 878-1867
Fax:  (866) 359-7478
dlevin@uprightlaw.com